UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. YODER,

      Plaintiff,           CIVIL ACTION NO. 10-14941

  v.

                              DISTRICT JUDGE ARTHUR J. TARNOW

                              MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*    \*    \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on June 12, 2006, alleging that he had been disabled and unable to work since July 7, 2003, at age 33, due to severe back and neck pain. Benefits were denied by the Social Security Administration(SSA). A requested *de novo* hearing was held on January 5, 2009, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a limited range of light work providing a sit-stand option. The Law Judge restricted claimant from jobs that required the

frequent lifting of more than ten pounds.  He was incapable of
climbing, crawling or twisting.  The ALJ found that he had to avoid
hazards and vibrations.  Claimant could not do any driving, or
operate machinery with foot controls.  Plaintiff also needed to
wear a back brace while at work, and he could not reach above
shoulder level.  The Appeals Council declined to review the ALJ's
decision and Plaintiff commenced the instant action for judicial
review of the denial of benefits.  The parties have filed Motions
for Summary Judgment and the issue for review is whether
Defendant's denial of benefits was supported by substantial
evidence on the record.

Claimant was 38 years old at the time of the
administrative hearing. He had an eleventh grade education, and had
been employed as a tree trimmer (TR 27).  This job was classified
as heavy, semi-skilled work activity (TR 20-21, 35). Claimant
stopped working after sustaining back and neck injuries in a July
2003, automobile accident (TR 220).

Plaintiff alleged that he remained disabled as a result
of severe back, neck and shoulder pain (TR 29). Claimant testified
that pain medications and physical therapy proved ineffective in
reducing his joint discomfort (TR 30).  Plaintiff allegedly was
unable to sit, stand or walk for extended periods (TR 28-29).  He
estimated that he could lift up to 10 pounds (TR 29).  Claimant
experienced pain when reaching with his right arm (TR 30).  He was
able to care for his personal needs, mow the lawn and drive himself
to and from the doctor (TR 31).

2

A Vocational Expert, Timothy Shaner, classified
Plaintiff's past work as heavy, semi-skilled activity, which did
not impart any transferable skills (TR 35). The witness testified
that there would not be any jobs for claimant to perform if his
testimony were fully accepted[1] (TR 37). If he were capable of light
work, however, there were numerous unskilled assembly, inspection,
surveillance monitor and information clerk jobs that he could still
perform with minimal vocational adjustment (TR 37).  These simple,
routine jobs allowed a sit-stand option, and did not expose workers
to hazards, vibrations, foot controls or driving machinery. They
did not require climbing ladders, ropes or scaffolds.  Frequent
lifting or carrying was limited to ten pounds.  The VE added that
the wearing of a back brace was permitted.

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was
impaired as a result of a history of degenerative disc disease and
peripheral neuropathy, but that he did not have an impairment or
combination of impairments severe enough to meet or equal the
Listing of Impairments. The ALJ recognized that claimant's joint
pain prevented him from working at jobs requiring him to sit or
stand for prolonged periods.  He was unable to frequently climb,
stoop, reach or twist his back. The Law Judge also restricted
claimant from jobs that required the lifting of more than 10

---

[1]The witness testified that claimant's alleged need to lie
down frequently throughout the day would preclude all work activity
(TR 37).

3

pounds. He could not be exposed to hazards or vibrations. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary,

4

987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of light work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a reduced range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling joint pain.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to back and neck pain. Following an automobile accident on July 7, 2003, an MRI scan of claimant's cervical spine revealed no evidence of any fracture. X-rays of the lumbar spine showed minimal degenerative joint disease. Plaintiff did not require hospitalization following the automotive collision, and he was treated conservatively thereafter with pain medications, muscle

5

relaxers and physical therapy (TR 163-169, 205, 239-256, 317, 332, 411-415).

Dr. Karim Fram, the treating neurologist, reported on October 29, 2004, that Plaintiff had normal motor strength, sensation, reflexes and gait (TR 257). The treating doctor recommended that Plaintiff not lift more than ten pounds, avoid excessive bending and twisting, and not work above shoulder level (TR 257). Dr. Fram evaluated claimant numerous times between December 2004 and September 2009 (TR 239-256, 411-415, 445-446, 483-488). Following each appointment, the treating neurologist reported normal clinical findings. Plaintiff was given nerve block injections for his back and neck pain, and he was warned not to perform any heavy lifting[2], frequent bending or excessive reaching (TR 239-256, 411-415, 483-488).

None of the examining physicians ever opined that Plaintiff was unable to perform his activities of daily living, or otherwise function in a sustained manner. There was also no medical corroboration that the claimant had significant fatigue, or needed to lie down for several hours a day. Despite allegedly disabling pain, Plaintiff testified that he could drive, spend all day riding a lawn mower, and could generally handle his personal needs (TR 31).

_____

[2]In a letter dated January 7, 2009, Dr. Fram restricted claimant to no more than five pounds, no bending or twisting, and no work above shoulder level. The doctor also recommended that Plaintiff not sit or stand in one position for any length of time (TR 483). The ALJ adopted these most recent restrictions into her RFC finding.

When evaluating Plaintiff's residual mental functional capacity, the ALJ also took into consideration the opinion of a state agency consultant[3], who concluded that the claimant had no disabling mental illness that would preclude the performance of substantial gainful activity (TR 395). The ALJ reasonably accommodated Plaintiff's joint discomfort by finding that he could not frequently lift, carry, push or pull more than five pounds, and that he needed a sit-stand option within employer tolerances. In addition, the ALJ restricted him from frequent climbing, balancing, stooping, crouching, kneeling, crawling and bending (TR 17).

By establishing that he could not return to his past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, inspection, surveillance monitor and information clerk jobs that he could still perform with minimal vocational adjustment (TR 37). These simple, routine jobs allowed a sit-stand option,

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2011).

7

2:10-cv-14941-AJT-MKM   Doc # 11   Filed 08/16/11   Pg 8 of 10   Pg ID 603

and did not expose workers to hazards, vibrations, foot controls or driving machinery. They did not require climbing ladders, ropes or scaffolds. Frequent lifting or carrying was limited to ten pounds[4] (TR 37). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

Contrary to Plaintiff's assertion, he did not have to be able to perform the maximum exertional demands of light work [5] in order not be found not disabled. For instance, light work can involve lifting "very little" weight, a "good deal of walking or standing:, or "sitting most of the time with some pushing and pulling of arm or leg controls". 20 C.F.R. 404.1567(b); 416.967(b)(2011). The ALJ did not find that Plaintiff could perform a full range of light work activity. She instead found that the claimant could lift very little weight (up to 10 pounds occasionally) with a good deal of walking and standing (6 hours in

_____

[4] The Vocational Expert also identified jobs that required the lifting of more than 10 pounds (TR 37). Since the ALJ found that Plaintiff could only lift 10 pounds occasionally, jobs requiring the lifting of heavier weights were properly excluded from her decision (TR 21).

[5] Light work activity is defined as the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category sometimes requires a good deal of walking or standing, or involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, a person must have the ability to do substantially all of these activities. If someone can do light work, the Commissioner will also find that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404. 1567(b) (2011).

an 8 hour day).  The Vocational Expert testified that there were numerous jobs existing in the national economy that Plaintiff could still perform accommodating such work restrictions.  The ALJ reasonably relied on this testimony.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.    Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the   Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

9

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 16, 2011          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

10