UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. YODER,                           Case No. 10-14941

               Plaintiff,                          Senior United States
                                                   District Judge Arthur J. Tarnow
v.
                                                   Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____/

ORDER REJECTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION
[11], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8], AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [9]

Before the Court are Plaintiff's Motion for Summary Judgment [8] and Defendant Commissioner's Motion for Summary Judgment [9].  On August 16, 2011, a Magistrate Judge issued a Report and Recommendation (R & R) [11] recommending that the Plaintiff's motion be denied and that Defendant Commissioner's motion be granted.  Plaintiff filed an Objection [12]. Defendant Commissioner filed a Response [13]. For the reasons stated below, the Court rejects the R&R.

BACKGROUND

This Social Security case arises out of Plaintiff/Appellant William J. Yoder's claim for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI) benefits under the Social Security Act. Yoder was born on December 3, 1970 and completed secondary school through the eleventh grade. As a result of a July 7, 2003 motor vehicle accident, objective medical evidence indicates that Plaintiff suffers from, *inter alia*, radiculopathy, peripheral neuropathy, limited range of motion, chronic muscular pain, vertebrae fractures, and spinal disc herniations. Before the 2003 accident Plaintiff worked as a tree

1

trimmer. He has not worked since the subject accident. Plaintiff continues to wear a back brace almost every day and utilizes a TENS unit.

Plaintiff filed for DIB and SSI benefits on June 12, 2006, alleging his disability began on July 7, 2003. (TR 90-98). The Commissioner denied Plaintiff's claim on November 16, 2006. (TR 29). Subsequently, on December 1, 2006, Plaintiff filed a written request for hearing in front of an Administrative Law Judge (ALJ). (TR 55). The hearing was held on January 5, 2009. Plaintiff testified at the hearing (TR 43). Vocational expert Timothy Shaner also testified at the hearing. (TR 53). On July 23, 2009, the ALJ found that despite severe impairments of "degenerative disc disease and peripheral neuropathy," Plaintiff retains the residual functional capacity (RFC) to perform light work activity. (TR 34-35).

Plaintiff requested review, but the Appeals Council denied review of the ALJ's decision on October 28, 2010. Plaintiff filed this civil action for judicial review challenging the final decision of the Commission denying benefits on December 13, 2010. Each party subsequently filed motions for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1)(B) the parties motions were referred to the Magistrate Judge. On August 16, 2011, Magistrate Judge Majzoub filed an R&R in this matter.  The R&R recommends that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted. The Magistrate Judge concluded that the ALJ's RFC classification and credibility findings regarding Plaintiff's condition were supported by substantial evidence.

Plaintiff filed an Objection [12] to the R&R and the Commissioner filed a Response [13]. In pertinent part, Plaintiff's Objection states that the ALJ and Magistrate Judge committed legal error in their classification of Plaintiff's RFC. Plaintiff argues that had the ALJ used the appropriate classification of sedentary she would have been required to apply Social Security Ruling 96-9 and find Plaintiff disabled. This Court agrees and remands the case for an award of benefits in Plaintiff's favor for the reasons set forth below.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether his findings are

2

supported by substantial evidence and whether he employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Kirk v. Sec'y*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), and even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

"Severity of impairment," for purposes of determining whether an individual is disabled under Social Security Act, is based upon objective medical facts, diagnoses, or medical opinions inferable from facts, subjective complaints of pain or disability, and educational background, age, and work experience. 42 U.S.C.A. § 423(a)(1), (d)(1-3). More weight is generally given to a treating source when evaluating claims seeking Social Security disability benefits. 42 U.S.C.A. § 423(a)(1); 20 C.F.R. § 404.1527(d)(2).

## ANALYSIS

Based on the ALJ's own factual findings, Plaintiff cannot perform the lifting or pushing and pulling demands of light work. There was not substantial evidence in the record that Plaintiff could perform the sit-stand demands of light work. There is overwhelming evidence in the record that Plaintiff can only perform sedentary work with additional limitations. Given Plaintiff's educational level and his proper RFC classification, this Court finds Plaintiff disabled. Because the Court finds Plaintiff disabled, his second and third objections are moot and the Court offers no opinion on them. This Court remands this case for an award of benefits because Plaintiff has

endured considerable delay and proof of disability is strong and evidence to the contrary is lacking.

## I.  RFC Determination

In finding that Plaintiff was not under disability from July 7, 2003 through July 23, 2009, the ALJ performed the required five-step analysis. *See Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001). At step one, the ALJ found that Plaintiff has not engaged in any substantial gainful activity since July 7, 2003. At step two, the ALJ determined that Plaintiff suffers from the severe impairments of degenerative disc disease and peripheral neuropathy. At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal any of the impairments listed in 20 CFR 404.1525, 404.1526, 416.925, or 416.926. At step four, the ALJ found that Plaintiff retains the RFC to perform a significant range of light work, but that he could not perform any of his past relevant work. At step five, the ALJ determined that, given Plaintiff's RFC and vocational profile at the date of alleged disability onset, there were a significant number of jobs in the regional economy that Plaintiff could perform, including surveillance system monitor, information clerk, and assembler. Based on this last finding, the ALJ concluded that Plaintiff was "not disabled" at any time from July 7, 2003 through July 23, 2009.

Plaintiff objects to the ALJ's RFC classification at step four. There is not substantial evidence in the record to support the ALJ's finding that Plaintiff retains the RFC to perform light work. RFC describes what a claimant seeking disability insurance benefits under the Social Security Act is capable of doing despite his or her impairments considering all relevant evidence. 42 U.S.C.A. §§ 405(g), 423(a)(1), (d)(1-3); 20 C.F.R. §§ 404.1545, 416.945, 416.960. Relevant evidence consists of a plaintiff's physical limitations, symptoms, and other limitations that go beyond symptoms. 42 U.S.C.A. §§ 405(g), 423(a)(1), (d)(1-3); 20 C.F.R. §§ 404.1545, 416.945, 416.960.  The ALJ classified Plaintiff's RFC as the ability to do light work "as defined in 20 CFR 404.1567(a) and 416.967(a)" [sic]. (TR 35).  Light work is defined in 20 CFR 404.1567(b) and 416.967(b):

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Further, Social Security Ruling 83-10 defines "frequent" as it is used in 404.1567(b) and 416.967(b) to mean one-third to two-thirds of the time.  SSR 83-10 defines "occasionally" as it is used in 404.1567(b) and 416.967(b) to mean up to one third of the time.

The ALJ's factual findings indicate that Plaintiff cannot perform the lifting demands of light work. The ALJ found that Plaintiff could lift ten pounds occasionally, or one third of the time.  SSR 83-10. However, light work requires lifting up to ten pounds one third to two thirds of the time.  SSR 83-10 states that the majority of light work jobs require occasional stooping, the ALJ found that the Plaintiff can stoop only rarely.  Based on the ALJ's explicit findings of fact, Plaintiff cannot perform the lifting demands of light work.

The ALJ's factual findings indicate that Plaintiff cannot perform the pushing and pulling demands of light work. The ALJ also found that Plaintiff's injuries limit the functionality of his right arm and hand, which is his dominant side.  The ALJ found that the Plaintiff is limited to using his right hand only frequently, or one-third to two-thirds of the time.  The ALJ also found that the Plaintiff cannot reach above shoulder level at all.  Finally, the ALJ found that the Plaintiff is limited to reaching in other directions with his right arm only frequently.  The limitations the ALJ describes regarding Plaintiff's right arm, severely limit his ability to operate the arm controls to which 404.1567(b) and 416.967(b) refer.  Based on the ALJ's explicit findings, Plaintiff cannot fully perform the pushing and pulling of arm controls demanded by light work.

The ALJ found that Plaintiff could perform the sit-stand demands of light work. This Court finds that there is not substantial evidence in the record to support that finding. At the hearing, Plaintiff testified that he is able to stand for ten to twenty minutes on average, sit for

twenty to thirty minutes, and lift up to ten pounds. (TR 28-29). Plaintiff testified that he wears a back brace almost daily, that it is painful for him to bend, difficult to rise from a crouching position, and difficult to reach, especially with his right arm. (TR 29-30). The ALJ adopted findings of fact exactly consistent with Plaintiff's hearing testimony except his testimony regarding the length of time he is able to sit or stand. (TR 35). Specifically, the ALJ credited Plaintiff's testimony regarding the need for the opportunity to alternate between sitting and standing. The ALJ states that she found the Plaintiff's statements about his symptoms "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (TR 35). In her RFC assessment, the ALJ states that she based her RFC finding in part on her credibility assessment of the Plaintiff's testimony. Therefore, the ALJ found Plaintiff's testimony about his ability to sit and stand to be not credible because it was inconsistent with classifying him as capable of performing light work.

In finding that Plaintiff can perform the sit-stand requirements of light work the ALJ impermissibly used circular logic. In assessing RFC, the ALJ's findings must specify functions claimant is capable of performing, conclusory statements regarding claimant's capacities are insufficient. *Martone v. Apfel*, 70 F.Supp.2d 145, 150 (N.D.N.Y. 1999). The ALJ did not cite any objective medical evidence that supports a finding that Plaintiff can stand for six hours a day. The ALJ's conclusion that Plaintiff can stand or walk for six hours per eight-hour workday, and therefore perform light work, is not supported by substantial evidence in the record.

The ALJ failed to state any reason for the differing weight she gave to the medical evidence from Plaintiff's treating physicians. Even where substantial evidence supports the decision of the Commissioner, reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like Plaintiff. The regulation requires the agency to "give good reasons" for not giving weight to a treating physician in the context of a disability determination. 20 C.F.R. § 404.1527(d)(2) (2004). This requirement is part of the "treating source" regulation adopted by the Social Security Administration in 1991. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Such error is not harmless where the basis for the ALJ's dismissal of a physician's opinion is unclear and that opinion was inadequate as a matter of law. *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A Social Security Ruling explains that, pursuant to this provision, a decision

6

denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, at 5 (1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir.2004)).

The evidence in the record that goes to Plaintiff's ability to sit, stand, or walk for certain periods of time include several sources. The ALJ mischaracterizes some of the record that goes to Plaintiff's ability to sit, stand, or walk. The ALJ then weights that mischaracterized evidence heavily while ignoring other medical evidence that Plaintiff is severely impaired. The ALJ does not give good reasons on the record for weighting Plaintiff's doctors' assessments differently, as is required by Soc. Sec. Rul. 96-2p.

For instance, the ALJ mischaracterized Dr. Akbar's diagnoses. The ALJ states that Dr. Akbar's X-rays showed "the possibility of an old compression fracture at T4." (TR 36). In fact, Dr. Akbar officially diagnosed Plaintiff with a T4 fracture. (TR 230). There is no indication in the record that Dr. Akbar's diagnosis was only 'possible' or that it was not related to the car accident.

Dr. Akbar also diagnosed Plaintiff with an L5 fracture and spondylolysis (TR 234), which the ALJ ignores in favor of the mischaracterized T4 fracture. (TR 36). The ALJ acknowledged that Dr. Akbar diagnosed a T3 fracture. (TR 36), but failed to consider Plaintiff's T2 compression fracture and complications therefrom. (TR 300). Dr. Fram diagnosed thoracic pain and radiculopathy with pain exacerbation secondary to Plaintiff's T2 fracture in 2005. (TR 300). Yet, the ALJ chose to cite from a part of the record that indicated that in 2003 there was no evidence that Plaintiff suffered from radiculopathy. The ALJ did not cite any reason for this editorial decision.

The ALJ also states that in 2003 Dr. Fram advised Plaintiff to avoid heavy lifting, excessive twisting or bending, and working above shoulder level "for the next few months." Although this is true, it is misleading because Dr. Fram has continuously restricted Plaintiff throughout the entire time period relevant to this case. The ALJ did not cite any reason for this editorial decision either.

The ALJ did not cite any objective medical evidence that supports a finding that Plaintiff can perform the sit-stand requirements of light work because there is not substantial evidence in the record that supports that conclusion. On the contrary, the medical records of Plaintiff's treating physicians contain an overwhelming number of indications that Plaintiff cannot stand for six hours a day. The ALJ did not give specific reasons for only giving weight to the least severe assessments in the medical records, and therefore, this Court must reverse. *See* 20 C.F.R. §404.1527(d)(2).

There is not substantial evidence in the record to support the ALJ's finding that Plaintiff can perform light work. In order to be classified as having the RFC to perform light work, a claimant must be able to do substantially all of the activities listed in 20 CFR 404.1567(b) and 416.967(b). According to the ALJ's own factual findings, Plaintiff is incapable of performing the lifting and the arm control demands of light work. Furthermore, there was not substantial evidence in the record to indicate that Plaintiff was able to meet the standing requirements of light work. Since Plaintiff cannot substantially perform any of the demands light work entails, the ALJ erred in her RFC classification.

Given Plaintiff's physical condition, Plaintiff's correct RFC is sedentary with additional limitations. The Social Security Administration defines sedentary work as

> involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools . . . [S]itting should generally total approximately 6 hours of an 8-hour workday . . . Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

SSR 83-10.

Social Security Ruling 96-9p provides guidance for classifying the disability status of individuals who can only perform less than the full range of sedentary work. SSR 96-9p states that an "RFC is the individual's maximum remaining ability to perform sustained work on a

8

regular and continuous basis; i.e. 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-9p also states that an ALJ should consider whether a claimant has any transferable skills from past relevant work where the claimant is sedentary with additional limitations.

Plaintiff previously worked as a tree trimmer and has an eleventh-grade education. The ALJ failed to consider whether Plaintiff's previous heavy-labor job would endow him with skills transferable to unskilled sedentary work. However, the ALJ did find that Plaintiff does not have full use of his right fingers and objective medical records indicate that Plaintiff suffers from bilateral chronic C6 radiculopathy. (TR 414, 443). "Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity." SSR 96-9p. The ALJ stated that Plaintiff had a high school education. (TR 39). In fact, Plaintiff only matriculated through the eleventh grade and does not have a General Equivalency Diploma. (TR 45). Given Plaintiff's RFC of sedentary, additional significant manipulative limitations, and educational background this Court finds that he is disabled under SSR 96-9p and entitled to benefits.

## II.  Hypothetical Question to Vocational Expert and Application of *Duncan*

A vocational expert's response to a flawed hypothetical question cannot serve as substantial evidence sufficient to uphold an ALJ's denial of disability insurance benefits. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g). Here, the ALJ's hypothetical question to vocational expert Timothy Shaner in this case was premised on an improper RFC classification. As such, Plaintiff's second objection to the ALJ's decision is moot and the Court offers no opinion.

Plaintiff also objected to the ALJ's failure to apply the *Duncan* test. *Duncan v. Sec'y of HHS*, 801 F.2d. 847 (1986). Because the Court concluded that the ALJ's RFC classification was a legal error Plaintiff's third objection is also moot.  The Court offers no opinion as to Plaintiff's third objection.

## III. Remand for Benefits

A reviewing district court has the authority to reverse with or without remand. 42 U.S.C. §§ 405(g), 1383(c)(3) (2003). In general, a district court can reverse the Commissioner's decision to deny benefits and award benefits "if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is

2:10-cv-14941-AJT-MKM   Doc # 14   Filed 12/16/11   Pg 10 of 11   Pg ID 644

lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985). "The fact that the Commissioner has had two opportunities to deny Plaintiff benefits in a legal fashion–and has still failed to do so–is a factor this Court can consider, along with . . . the significant delays involved." *Donahue v. Massanari*, 166 F.Supp.2d 1143, 1149 (E.D. Mich. 2001); *accord Colwell v. Gardner*, 386 F.2d 56, 74 (6th Cir.1967).

In *Donahue*, this Court observed that Congress had added limitations on remands under Sentence Six of § 405(g) "to speed up the judicial process so that these cases would not just go on and on and on." *Id.* (internal citation and quotation marks omitted). While these specific limitations do not apply to Sentence Four remands, *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 (1991), "the Congressional policy behind those 1980 amendments to [S]entence [S]ix can help to inform [the court's] judgment where the Commissioner has already been provided an opportunity to correct an error and years have passed and there are still errors in the administrative record." *Donahue*, 166 F.Supp.2d at 1150.

This Court has authority to remand for an award of benefits to Plaintiff because "proof of disability is strong and evidence to the contrary is lacking." *Mowery*, 771F.2d at 973. Additionally, Plaintiff filed for benefits over five years ago in June 2006. He waited from December 2006 until January 2009 for administrative review of his application. Plaintiff has been out of work since July 2003. Plaintiff has endured significant delay prosecuting his case. Since the Commissioner has had two opportunities to deny Plaintiff's benefits in a legal fashion and Plaintiff has endured significant delay, remand for an award of benefits is warranted here. *Donahue*, 166 F.Supp.2d at 1149.

## CONCLUSION

For the foregoing reasons, the Court hereby rejects the Report and Recommendation [11]. Therefore,

IT IS ORDERED that Plaintiff's Objection [12] is SUSTAINED and Plaintiff's Motion for Summary Judgment [8] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [9] is DENIED.

IT IS FURTHER ORDERED THAT this case is remanded for an award of benefits in Plaintiff's favor.

SO ORDERED.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES
DISTRICT JUDGE

Dated: December 16, 2011

---

**CERTIFICATE OF SERVICE**

I hereby certify on December 16, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 16, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182