UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. YODER,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No. 10-14941

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B) [16]

### BACKGROUND

This Social Security case arises out of Plaintiff William J. Yoder's claim for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") benefits under the Social Security Act. Plaintiff filed this claim on June 12, 2006, and Defendant Commissioner denied Plaintiff's claim on November 16, 2006. Subsequently, on December 1, 2006, Plaintiff filed a written request for hearing in front of an Administrative Law Judge ("ALJ"). On July 23, 2009, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform "light work activity."

Plaintiff requested review of the ALJ's decision, which the Appeals Council denied on October 28, 2010. Plaintiff filed for judicial review [1] on December 13, 2010, challenging the final Commission decision denying benefits. Each party filed motions for summary judgment, and the motions were referred to the Magistrate Judge. On August 16, 2011, the Magistrate Judge filed a Report and Recommendation [11], recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. On December 16, 2011,

this Court rejected the Magistrate Judge's recommendation and instead remanded the case for an award of benefits pursuant to 42 U.S.C. § 405(g). This Court found that there was overwhelming evidence in the record that Plaintiff could only perform "sedentary work with additional limitations." Given Plaintiff's educational level and his proper RFC classification, this Court found Plaintiff disabled. Now before this Court is Defendant's Motion for Relief from Judgment [16] under Rule 60(b)(1), filed on January 18, 2012.

## STANDARD OF REVIEW

Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Motion for relief under Rule 60(b)(1) is intended to provide relief to a party in only two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Therefore, a "claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1)." *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) (citing *Pierce v. United Mine Workers of Am., Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985)). However, Rule 60(b) does not afford litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof. *See Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Couch v. Travelers Ins. Co.*, 551 F.2d 958, 959 (5th Cir. 1977)). Thus, parties may not use a Rule 60(b) motion as a substitute for an appeal. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

## ANALYSIS

Defendant Commissioner argues that this Court misapplied the standard set forth in *Faucher v. Secretary of Health & Human Services*, 17 F.3d 171, 176 (6th. Cir. 1994), because of a misunderstanding of Social Security Ruling ("SSR") 96-9p and the Medical-Vocational Guidelines ("the grids"). The standard set forth in *Faucher* provides that "if a court determines that substantial evidence does not support [a] decision," a court can "reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.* at 176. "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.* (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)).

Defendant Commissioner first argues that by using the grids as a framework, Plaintiff's age and education support a finding of non-disabled. This argument merely disagrees with this Court's finding of disability and does not allege a specific mistake of law. Defendant Commissioner also argues that this Court misunderstood SSR 96-9p and the grids because neither SSR 96-9p nor the girds *require* a finding of disabled in this instance; however, SSR 96-9p and the grids do not preclude a finding that Plaintiff is disabled. This Court did not rely on an erroneous understanding of SSR 96-9p or the grids. Therefore, based on these theories, Defendant has not pointed to a mistake of law under Rule 60(b)(1).

Defendant Commissioner next argues that the first prong of the *Faucher* test– requiring resolution of all essential factual issues– is not satisfied. Defendant argues that because this Court disagreed with the ALJ's determination of the Plaintiff's RFC classification under the fourth step of the of the five-step analysis, Defendant should have the opportunity to present new evidence in

3

order to establish the fifth step: whether Plaintiff can make adjustment to other work, considering Plaintiff's RFC classification, age, education, and work experience. 20 C.F.R. § 416.920. However, this argument does not point to a mistake of law; there are no remaining factual issues to be resolved in the record, and this Court properly considered Plaintiff's age, education, work experience, and RFC classification in determining that the Plaintiff was disabled. *See Dragon v. Comm'r of Social Sec.*, 470 Fed. Appx. 454, 465-67 (6th Cir. 2012) (remanding for immediate award of benefits in accordance with the *Faucher* standard after finding the ALJ made an erroneous RFC classification).

Defendant also argues that the second prong of the *Faucher* standard is not met, which requires that "evidence that would support a finding of non-disability is lacking." 17 F.3d at 176. However, this determination is also one that is made by the Court, and Defendant merely disagrees with this Court's decision. Therefore, Defendant has not identified a mistake to justify relief from this Court's judgment under Rule 60(B)(1).

Accordingly, **IT IS ORDERED** that the Motion for Relief from Judgment Under Rule 60(B) is **DENIED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
                                                Senior United States District Judge

Dated: October 31, 2012